UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                      :

UNITED STATES OF AMERICA

                                                                      :    **PRELIMINARY ORDER OF**

                  - v. -                                  **FORFEITURE AS TO**
                                                                       :    **SUBSTITUTE ASSETS**

ELIZABETH AUGUST HUDDLESTON,

                                                                       :    S2 07 Cr. 151 (PKC)

                       Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about April 2, 2008 the defendant ELIZABETH AUGUST HUDDLESTON (the "Defendant") was charged in a two-count Superseding Information, S2 07 Cr. 151 (PKC) (the "Information") (Dkt. No. 77), with conspiracy to distribute and possess with intent to distribute 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 846 (Count One); and conspiring to launder the proceeds of narcotics trafficking in violation of Title 18, United States Code, Section 1956(h) (Count Two);

        WHEREAS, the Information included a forfeiture allegation with respect to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the offense charged in Count One of the Information, and any and all property, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency

representing the amount of proceeds obtained as a result of the offense alleged in Count One of the Information;

WHEREAS, the Information also included a substitute asset provision providing notice that if, as a result of the Defendant's actions or omissions, forfeitable property (i) cannot be located or obtained; (ii) has been transferred or sold to a third party person; (iii) has been placed beyond the jurisdiction of the Court; (iv) has been substantially diminished in value; or (v) has been commingled with other property which cannot be subdivided without difficulty; then the United States will seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about April 2, 2008, the Defendant pled guilty to Counts One and Two of the Information pursuant to a plea agreement with the Government wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States $27,500 in United States currency;

WHEREAS, on or about December 15, 2008, the Defendant was sentenced and ordered to forfeit $27,500 in United States currency, representing the amount of proceeds Defendant obtained as a result of the offense charged in Count One of the Information;

WHEREAS, on or about December 15, 2008, the Court entered an Order of Forfeiture (the "Order of Forfeiture") (Dkt. No. 133) imposing a $27,500 money judgment against the Defendant (the "Money Judgment");

WHEREAS, as of March 3, 2023, the full amount of the Money Judgment against the Defendant remained outstanding;

WHEREAS, as a result of acts and omissions of the Defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the proceeds of the offense of the Defendant's conviction; and

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

    a. $1,472 in United States currency in the possession of the United States Marshals Service, representing income tax return refund paid to the Defendant on or about April 21, 2017 that was intercepted by the Treasury Offset Program; and

    b. The portion of any and all future disbursements from the Government to the Defendant, including but not limited to income tax return refunds and Social Security payments, which may be intercepted by the Treasury Offset Program, up to the unpaid balance of the money judgment imposed against Defendant on December 15, 2008.

(a. and b. together, the "Substitute Assets").

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the Money Judgment entered against the Defendant.

3. Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

3

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

[THIS SPACE LEFT INTENTIONALLY BLANK]

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
       August 10, 2023

                                                SO ORDERED:

                                                _____
                                                HONORABLE P. KEVIN CASTEL
                                                UNITED STATES DISTRICT JUDGE

5